# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

DONALD C. MCMEANS,          :
                            :
       Plaintiff,      :
                            :
v.                          :  Civ. No. 11-891-RGA
                            :
BARACK H. OBAMA,            :
                            :
       Defendant.      :

Donald C. McMeans, Middletown, Delaware, pro se plaintiff.

**MEMORANDUM OPINION**

December 1, 2011
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Donald C. McMeans ("Plaintiff") filed this action pursuant to 10 U.S.C. § 333 asking this Court to order the President of the United States to end a conspiracy of subordinate federal employees against him and the Renaissance Broadcasting Corporation ("RBC"). (D.I. 2, ¶ 18.). Plaintiff claims jurisdiction pursuant to 28 U.S.C. §§ 1346(a)(2), 1361, and 1402(a)(1). Plaintiff also filed a notice of motion of writ of mandamus with supporting brief. (D.I. 3, 4.) He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 13.) The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

Plaintiff is the president, founder, and principal shareholder of RBC, a New Jersey Corporation. (D.I. 5, ¶ 1.) Plaintiff has been involved in litigation in New Jersey since the early 1980's relating to his and RBC's efforts to construct a television transmission tower in New Jersey. (D.I. 3.) The Township of Waterford, Camden County, New Jersey, objected to RBC building a television tower. Extensive litigation in state court over building permits was eventually resolved in RBC's favor and RBC was granted approval to build. *See McMeans v. Township of Waterford*, Civ. No. 85-1782 (D.N.J. July 1, 1985); *Milstead v. Zoning Board of Adjustment of the Township of Waterford*, No. A-1010-83T2 (N.J. Super. Aug. 5, 1985); *Township of Waterford v. Renaissance Broadcasting Corp.*, No. A-2428-80T1 (N.J. Super. June 23, 1982).

RBC experienced financial difficulties and was placed in statutory receivership in late 1981, followed by its voluntary filing of a Chapter 11 Bankruptcy in the fall of 1983. (D.I. 3, ¶¶ 15, 24.) The bankruptcy case was closed in November 1987, but, prior to that time, the bankruptcy court, over the objection of plaintiff, approved the sale of the

television station and the Federal Communications Commission approved transfer of RBC's broadcast license. (D.I. 3, ¶¶ 26, 27.) In the meantime, Plaintiff filed an unsuccessful civil rights action in the United States District Court for the District of New Jersey, as well as an unsuccessful subsequent action to vacate orders entered in the initial civil rights action and orders entered in cases filed in the New Jersey Courts. (D.I. 3, ¶ 1.) Plaintiff also sought to reopen the closed bankruptcy case. *See In Re: Renaissance Broadcasting Corp.*, No. 06-2342 (3d Cir. Sept. 26, 2006); *McMeans v. Waterford*, No. 95-57537 (3d Cir. Jan. 4, 1996); *McMeans v. Waterford*, No. 95-5610 (3d Cir. Oct. 27, 1995); *McMeans v. Township of Waterford*, 925 F.2d 417 (3d Cir.) (table), *cert. denied*, 502 U.S. 854 (1991); *In re Renaissance Broadcasting Corp.*, Civ. No. 05-4879-AET (D.N.J. Apr. 3, 2006); *McMeans v. Waterford*, Civ. No. 85-1782-AET (D.N.J. Mar. 19, 1991); *In re Renaissance Broadcasting Corp.*, Bankr. No. 83-5545-RTL (Bankr. N.J. Nov. 6, 1987).

On January 20, 2009, Plaintiff filed a petition with President Obama, which was delegated to the United States Department of Justice, Executive Office for United States Trustees ("DOJ"). (D.I. 2, ¶ 5.) Plaintiff's Complaint alleges that the DOJ's responses dated July 8, 2009 and January 7, 2011, respectively, "constitute conclusive proof of per se violations of the evil that 10 U.S.C. § 333 was enacted to suppress." (*Id.* at ¶ 6.) It further alleges that the "obstructions of the due course of justice pursuant to the obstruction of the execution of the President's peremptory duty to RBC have been continuing without abatement since December 4, 1993." (D.I. 2, ¶ 4.) In addition, Plaintiff seeks an order of mandamus to direct President Obama to execute his

peremptory duty pursuant 10 U.S.C. § 333. He states that the eighteen year obstruction of the process established by Congress leaves him and RBC with no alternative other than a mandamus order. (D.I. 4.)

**STANDARD OF REVIEW**

This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, or fail to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint, unless amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

3

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

It is apparent to the Court that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief could be granted. There are numerous difficulties with Plaintiff's Complaint, not all of which the Court will address or decide.

The most glaring difficulty is with the Plaintiff's reliance on the post-Civil War "Insurrection Act" as the legal basis for his suit. Plaintiff cannot maintain a cause of action pursuant to 10 U.S.C. § 333. Section 333 provides as follows:

> The President, by using the militia or the armed forces, or both, or by any other means, shall take such measures as he considers necessary to suppress, in a State, any insurrection, domestic violence, unlawful combination, or conspiracy, if it—
> (1) so hinders the execution of the laws of that State, and of the United States within the State, that any part or class of its people is deprived of a right, privilege, immunity, or protection named in the Constitution and secured by law, and the constituted authorities of that State are unable, fail, or refuse to protect that right, privilege, or immunity, or to give that protection; or
> (2) opposes or obstructs the execution of the laws of the United States or impedes the course of justice under those laws.
>
> In any situation covered by clause (1), the State shall be considered to have denied the equal protection of the laws secured by the Constitution.

10 U.S.C. § 333. It is in the nature of a military remedy for the protection of civil rights. It would provide for the enforcement of judicial decrees by the military pursuant to presidential proclamation. *See Bissonette v. Haig*, 800 F.2d 812, 814 n.1 (8th Cir. 1985).

Section 333 gives the United States President the power to "unilateral[ly] commit [ ] . . . federal forces in response to an incident in states . . . only in exceptional circumstances." *In re Morris*, 2010 WL 4272868, at *5 (Bankr. M.D. Tenn. 2010) (citation omitted). Section 333 does not provide citizens with a private cause of action.

5

*Id.* For this reason, alone, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is also apparent that Plaintiff seeks relief that the Court cannot grant, that is, an injunction, or the equivalent, directing the President to take specific executive acts – sending the military either against federal officials or New Jersey courts – that the Court does not have the power to order. The President may not be ordered to perform particular executive or legislative acts at the behest of the Judiciary. *See Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992); *Nixon v. Fitzgerald*, 457 U.S. 731, 791 n.34 (1982); *Mississippi v. Johnson,* 71 U.S. 475, 501 (1866). For this reason, also, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

It may also be that the Complaint is barred by either or both the doctrines of res judicata and collateral estoppel, but the Court does not need to decide that.

The Complaint may also be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It is apparent that the Plaintiff objects to the judgments entered in the New Jersey State Courts. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine may apply as this appears to be a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280

6

(2005). However, the Court need not decide the impact of the New Jersey state court judgments on Plaintiff's ability to proceed.

Plaintiff filed a motion seeking a writ of mandamus against the President, all premised on the President's supposed duty to him under section 333. Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). A federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining" a petition for a writ of mandamus, the court "must identify a jurisdiction that the issuance of the writ might assist."). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff." 28 U.S.C. § 1361. Since the President owes Plaintiff no duty under section 333, there is no conceivable basis for issuing a writ of mandamus.

## **CONCLUSION**

The court will vacate that portion of the November 8, 2011 order that provides for service of the Complaint by the United States Marshals Service. (See D.I. 13, ¶ 3.) In addition, the Court will deny Plaintiff's motion for a writ of mandamus. (D.I. 3.) Finally, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).