IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD C. MCMEANS,           :
                              :
    Plaintiff,                :
                              :
v.                            :  Civ. No. 11-891-RGA
                              :
PRESIDENT BARACK H. OBAMA,    :
                              :
    Defendant.                :

## **MEMORANDUM**

Plaintiff Donald C. McMeans filed this action pursuant to 10 U.S.C. § 333 asking this Court to order the President of the United States to end a conspiracy of subordinate federal employees against him and the Renaissance Broadcasting Corporation. (D.I. 2.) The Court dismissed the Complaint on December 1, 2011 pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.I. 14, 15.) Now before the Court is Plaintiff's Joint Motion for Vacation and Dismissal of Memorandum and Opinion and Related Orders. (D.I. 16.) For the reasons discussed below, the Court will deny the Motion.

Plaintiff moves for vacation and dismissal of this Court's December 1, 2011 Order pursuant to Fed. R. Civ. P. 12(b)(3), 60(b)(4) and 61, as well as 10 U.S.C. § 333.

Rule 12(b)(3) relates to improper venue, and is irrelevant to post-judgment relief.

Rule 60(b)(4) provides relief from judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Even if the Court's judgment were based on an erroneous interpretation of the facts or the law, it would not make the judgment void. *See Marshall v. Board of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978). It is true that a judgment by a court without jurisdiction would be void. There is no support, however, for the proposition that the undersigned lacked jurisdiction to screen the Complaint, and that therefore the December 1, 2011 Memorandum Opinion and Order was in excess of

the Court's jurisdiction. In particular, this Court had the same power to vacate Judge Dalzell's earlier order as Judge Dalzell would have had. The relief Plaintiff seeks is not available under Rule 60(b)(4).

Rule 61 relates to harmless error, and is irrelevant to post-judgment relief.

Finally, relief is unavailable to Plaintiff to the extent he seeks reconsideration of the December 1, 2011 Order. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiff has failed to demonstrate any of these grounds to warrant reconsideration of the Court's December 1, 2011 Memorandum Opinion and Order.

For the above reasons, Plaintiff's Motion is denied. (D.I. 16.)

An appropriate Order will issue.

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

February __, 2012
Wilmington, Delaware